UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RIVER INSURANCE COMPANY, an Ohio Corporation,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>DIANA'S CARE HOME, a business entity form unknown, et al.,<br><br>　　　　Defendant(s). | No. C10-0446 BZ<br><br>**ORDER DENYING MOTION TO APPOINT *CUMIS* COUNSEL** |

　　James River Insurance Company filed this action to rescind a residential care facility general liability insurance policy it issued to defendants Nestor Castaneda and Diana Castaneda dba Diana's Care Home and which also covers the Castanedas' employee Estrella Rothstein (Collectively referred to as the Castanedas).[1]  James River contends that on

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

April 29, 2009, the Castanedas' made material misrepresentations in applying for the policy.

On November 11, 2009, a wrongful death action titled <u>Reyna v. Castaneda, et al.</u> was filed in Alameda County Superior Court. The complaint in <u>Reyna</u> alleges that the Castanedas negligently cared for the decedent in violation of California's Elder Abuse laws, which proximity caused his death. The Castanedas tendered the defense of <u>Reyna</u> to James River, which accepted under a reservation of rights. It has been represented to the Court that <u>Reyna</u> is not being actively prosecuted. This lawsuit followed.

James River initially appointed James Zenere, Esq. To represent the Castanedas in <u>Reyna</u>. Recognizing the possibility of a conflict with its insureds, James River advised them of their right to independent counsel.[2] Thereafter, James River was contacted by Michael Cohen, Esq. Mr. Cohen stated that the Castanedas wished him to represent them as independent counsel pursuant to California Civil Code § 2860 in defending <u>Reyna</u>, and that he had also been retained to defend this rescission action.[3] James River apparently vetted Mr. Cohen and found him unsuitable. James River then provided the Castanedas with a list of attorneys that it

---

[2] These facts are gleaned from uncontested representations made during oral argument and from facts stated in the declarations filed by the respective parties. To the extent they contain hearsay, there were no objections.

[3] James River initially also sought declaratory relief that its policy did not provide coverage for the acts alleged in <u>Reyna</u> but in response to a motion to dismiss has amended the complaint to eliminate the declaratory relief claim.

2

believed were experienced in elder abuse litigation.  Mr. Cohen assisted the Castanedas in screening this list and ultimately concluded that David Beach, Esq. was a good choice to represent the Castanedas.  James River then appointed Mr. Beach as independent counsel for the Castanedas in <u>Reyna</u>.  The Castanedas have now moved for an order appointing Mr. Cohen as independent counsel in <u>Reyna</u>.  As Mr. Cohen explained during argument, he wishes me to appoint him as independent counsel under § 2860 and to keep Mr. Beach in as co-counsel, representing the interests of James River.[4]

California Civil Code § 2860 provides that when specified conflicts of interests appear "the insurer shall provide independent counsel to represent the insured."  § 2860(a).  The section further provides:

> "When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications which may include that the selected counsel have (1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and (20) errors and omissions coverage."

§ 2860(c).[5]  Here, James River asserts it declined to appoint Mr. Cohen because it was not satisfied as to his

---

[4] The Castanedas have cited no authority of this court to require James River to pay for two counsel selected by the insured.  Section 2860(f) does contemplate that the insurer may continue to retain the attorney it selected after th insured selects independent counsel.  Here, the Castanedas wish to select both independent counsel and counsel for the insurer.  Nor has James River asked that counsel for the insurer be appointed.  Mr. Zenere's appointment has been terminated.

[5] James River does not dispute that a conflict exists such as to require it to appoint independent counsel.

3

1  qualifications or his malpractice coverage.

2  Neither side has cited and the Court has not found any
3  reported case which discusses the insured's rights in the
4  event the insurer rejects the insured's choice of counsel.
5  Prior to the enactment of the statute, in conflict situations
6  the insured appears to have had the unfettered right to select
7  counsel and require the insurer to pay for it.  See <u>Executive</u>
8  <u>Aviation, Inc. v. National Ins. Underwriters</u>, 16 Cal. App. 3d
9  799 (1971).  Section 2860 gives the insurer, who may
10 ultimately pay for both the defense and the indemnity, some
11 say in the selection process.

12 While no case has considered the process the insured is
13 to follow if she wishes to challenge the insurer's rejection
14 of her counsel of choice, it would seem to me that the insured
15 first has to show that she has selected a particular
16 independent counsel to represent her.  The burden would then
17 shift to the insurer to establish that it exercised its rights
18 under § 2860 properly.  The burden would then shift back to
19 the insured to establish that the insurer violated her rights
20 under § 2860 so as to require that a different counsel be
21 appointed.

22 Having considered the showing made by both parties, I
23 have concluded that the Castanedas have failed to persuade me
24 to appoint Mr. Cohen to replace Mr. Beach.  First, defendants
25 have failed to establish that they want Mr. Cohen to represent
26 them in <u>Reyna</u> or are dissatisfied with Mr. Beach.  While Mr.
27 Cohen has averred that "defendants duly retained their herein
28 counsel of record both to represent them as *cumis* and to

4

1  represent them herein," (Cohen Dec. ¶ 5) this is a somewhat
2  self serving statement by Mr. Cohen who is seeking
3  appointment.  The only declaration filed by defendants in
4  support of this motion was by Diane Castaneda and she does not
5  state that she wishes Mr. Cohen to represent her or that she
6  is dissatisfied with Mr. Beach.  According to James River,
7  Mr. Beach contacted it and stated that he had been selected as
8  independent counsel by the Castanedas to defend them in <u>Reyna</u>.
9  James River had vetted Mr. Beach, determined he was qualified
10 and agreed to let Mr. Beach act as independent counsel.  Mr.
11 Cohen admits in his declaration that Mr. Beach, who is "a
12 specialist in among other things insurance defense of Elder
13 Abuse cases, may be for various reasons particularly
14 appropriate to represent these Defendants in the particular
15 underlying case." (Cohen Dec. ¶ 7)  Finally, the Castanedas
16 within the last month executed notices substituting Mr. Beach
17 for Mr. Zenere as their attorney in <u>Reyna</u>.  For all these
18 reasons, defendants have failed to establish that they wish
19 Mr. Cohen and not Mr. Beach to represent them in <u>Reyna</u>.

20      Nor have defendants established that James River violated
21 their rights under § 2860 in declining to appoint Mr. Cohen.
22 James River has established that it objected to Mr. Cohen
23 because he did not have five years of civil litigation
24 experience in the "subject at issue" in <u>Reyna</u>, which James
25 River deems to be principally defending elder abuse cases.  As
26 James River explains, the *curriculum vitae* which Mr. Cohen
27 submitted listed 30 years of civil litigation experience,
28 primarily representing plaintiffs in personal injury, medical

malpractice and wrongful death actions, and minimal experience in elder abuse law.  James River further avers that "Mr. Cohen has yet to provide James River with a list of any cases he has actually tried, let alone the sole elder abuse case he claims to have litigated on behalf of a 'single Board and Care Home'" (Oppos. p. 4, ll, 12-14).  James River also was concerned that his $100,000 errors and omissions policy, which is reduced by defense costs, was inadequate for the representation he was seeking.

Ultimately, I remain unpersuaded that the Castanedas' rights under § 2860 have been violated.  Mr. Cohen does not deny that his 30 years of experience was principally representing plaintiffs in personal injury, medical malpractice and wrongful death cases and not in defending those cases.  While Mr. Cohen disputes somewhat that elder abuse law experience is necessary, having reviewed the <u>Reyna</u> complaint, I agree with James River that it is desirable.  Moreover, on behalf of the Castanedas, he has admitted that Mr. Beach, who is apparently an expert in elder abuse litigation, may be "particularly appropriate" counsel to defend the Castanedas in <u>Reyna</u>.  Cohen Dec. ¶ 7.  Finally, I have experienced occasional difficulty in following some of Mr. Cohen's rambling and unfocused arguments.

Nor do I find that James River's concern about Mr. Cohen's malpractice coverage to be unreasonable.  Were Mr. Cohen appointed and were he to commit malpractice in defending <u>Reyna</u>, a $100,000 policy which is reduced by the cost of defense does not seem to be adequate in a wrongful death

6

case.[6]  Significantly, there is no declaration from the Castanedas averring that they understand the limits on Mr. Cohen's malpractice coverage and are prepared to accept those risks.  To the extent that these low limits present a risk to James River, see <u>Assurance Co. Of America v. Naven</u>, 32 Cal.App. 4th 78, 88, (1995), it plainly is not prepared to accept them.[7]

For all the foregoing reasons, the Castanedas' motion to appoint Mr. Cohen as *cumis* counsel and to appoint Mr. Beach as defense counsel is **DENIED**.

Dated: June 9, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\JAMES RIVER V. DIANA'S CARE HOME\ORDER DENYING MOTION RE CUMIS COUNSEL.wpd

---

[6]     This does not mean that such a $100,000 policy would never be adequate.

[7]     Following the hearing, Docket No. 85 was filed purporting to be a declaration of either Michael Cohen or William Green, attaching a letter from an insurer offering to provide Mr. Cohen with a $1 million professional liability policy.  Assuming this policy were to issue, it does not change the reasonableness of the decision made by James River months ago.  If anything, it is a tacit admission by Mr. Cohen that his coverage had been inadequate.

7