1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  JAMES RIVER INSURANCE        )
    COMPANY, an Ohio             )
12  Corporation,                 )        No. C10-0446 BZ
                                 )
13            Plaintiff(s),      )
                                 )        **ORDER DENYING**
14       v.                      )        **DEFENSE MOTIONS**
                                 )
15  DIANA'S CARE HOME, a         )
    business entity form         )
16  unknown, et al.,             )
                                 )
17            Defendant(s).      )
                                 )
18  _____)

19       The Castaneda defendants have filed six motions.  The

20  Court has ruled separately on their motion to disqualify

21  plaintiff's counsel and on their motion to appoint new

22  independent counsel.  Remaining are their motions to decline

23  jurisdiction, to quash service of process under Rule 12(b)(5),

24  to stay this action in light of the pending state court action

25  and to dismiss the complaint for failure to state a claim

26  under Rule 12(b)(6).

27       The motion to decline jurisdiction is **DENIED.**  As the

28  defendants correctly recognize the Court has no discretion to

                                1

1   refuse to hear a rescission case.  See <u>First State Insurance</u>
2   <u>Co. v. Callen Associates, Inc.</u>, 113 F.3d 161, 163 (9th Cir.
3   1997).  Defendants' reliance on <u>Maui Land and Pineapple Co. v.</u>
4   <u>Occidental Chemical Corp.</u>, 24 F.Supp.2d 1079 (D.Hawaii 1998)
5   is misplaced.  In <u>Maui</u>, the action remanded to state court was
6   not for rescission and the basis for remand was that the
7   coverage issues raised in the federal court action had already
8   been raised in  a parallel state court proceeding, which has
9   not occurred here.

10       The motion for a stay is **DENIED**.  Defendants mistakenly
11   invoke the rule of <u>Montrose Chemical Corp. of Cal. v. Superior</u>
12   <u>Court</u>, 6 Cal.4th 287, 301 (1993) which held that in
13   California, a party simultaneously defending a declaratory
14   relief coverage action and one or more actions for which
15   insurance coverage is sought may obtain a stay of the
16   declaratory relief action upon a showing of prejudice.  The
17   Ninth Circuit however has subsequently clarified that this
18   doctrine is limited to declaratory relief actions, where
19   jurisdiction may be discretionary, and does not apply where
20   the insurer seeks rescission and has a "statutory right under
21   the diversity statute to pursue its claim in federal court."
22   <u>First State Insurance Co. v. Callan Associates, Inc.</u>, 113 F.3d
23   161, 163 (9th Cir. 1997).

24       Nor have defendants established the sort of prejudice
25   <u>Montrose</u> requires.  The only issue in this case is whether the
26   defendants made a material misrepresentation or concealment in
27   their insurance application.  Defendants assert that their
28   state of mind in completing the application is at issue and

1    that adjudicating that state of mind in this case might

2    prejudice their position in <u>Reyna</u>, where their state of mind

3    towards the decedent is likely to be at issue.  This argument

4    fails for a number of reasons.  First, a misrepresentation or

5    a concealment may be grounds for rescission whether

6    intentional or unintentional.  Cal. Insurance Code § 331.[1]

7    See also <u>West Coast Life Ins. Co. v. Ward</u>, 132 Cal.App.4th

8    181, 186-7 (2005).  Second, it does not appear that defendants

9    are contesting the fact that they did not fully disclose

10   certain facts surrounding Mr. Reyna in their insurance

11   application.  Doc. No. 47, p. 3:14-16.  Furthermore, to the

12   extent that their state of mind in completing the application

13   could be at issue, that state of mind would focus on April of

14   2009, long after the time the Castanedas are alleged to have

15   harmed Mr. Reyna.

16       The motion to quash service is **DENIED** for two reasons.

17   First, as presently constituted, the motion was not timely

18   raised within the meaning of Rule 12(h)(1).  Failure to timely

19   raise a specific objection to service is a waiver of the

20   objection.  A defendant may object to service by filing a

21   motion to dismiss pursuant to Rule 12(b)(4) (challenging

22   sufficiency of process) or Rule 12(b)(5) (challenging

23   sufficiency of service).  An objection to service of process

24   "must be specific and must point out in what manner the

25   _____

26       [1]    Defendants' reliance on <u>Clarendon v. Nat'l. Insurance
     Co. of the West</u>, 442 F.Supp.2d 914, 928 (E.D.Cal. 2006) is
     misplaced.  Defendants have not produced any policy provisions

27   that show that, as in <u>Clarendon</u>, the insurance policy limited
     the insurer's right to rescind to cases of fraud and

28   intentional concealment.

3

1   plaintiff has failed to satisfy the requirements of the

2   service provision utilized." <u>Photolab Corp. v. Simplex</u>

3   <u>Specialty Co.</u>, 806 F.2d 807, 810 (8th Cir. 1986); <u>Binns v.</u>

4   <u>City of Marietta Hous. Auth.</u>, 2007 WL 2746695, at *2 (N.D. Ga.

5   2007).  In their motion, the Castanedas objected to service on

6   the sole grounds that they were served at their place of

7   business and not at their home, as they contended was required

8   by federal law.  When the plaintiff pointed out in its

9   opposition that it had served the defendants pursuant to state

10  law, which permits service at their place of business,

11  defendants, in their reply, for the first time objected to

12  service on the grounds that it was inadequate under state law

13  because the person served was not in charge of their

14  business.[2]

15      Defendants' position is not well taken.  Having failed to

16  raise this objection in their motion, they have waived this

17  specific objection.  The law is clear that objections to

18  service that were not raised at the outset are waived and

19  cannot be raised in later motion practice.  See <u>Photolab Corp.</u>

20  <u>v. Simplex Specialty Co.</u>, 806 F.2d 807, 811 (8th. Cir. 1986)

21  approving <u>Zisman v. Sieger</u>, 106 F.R.D. 194, 197-98 (N.D.Ill.

22  1985).  See also <u>Grimaldo v. Reno</u>, 189 F.R.D. 617, 619, (D.Co.

23  1999).

24      Second, the burden on the defendants was not only to

25  raise the objection but to provide support for it.  Here,

26

27      [2]    This motion may be moot, since it appears that
    defendants were personally served with the First Amended
28  Complaint.

4

1    nothing that the defendants filed in connection with the
2    original motion or belatedly and improperly in their reply[3]
3    supports the proposition that Menallie Baluyut, the person
4    served by the process server, was not the person <u>apparently</u> in
5    charge of defendants' business.  While defendant Rothstein may
6    have been actually in charge of the business, she left Baluyut
7    in charge during her absence.[4]

8        Finally, the motion to dismiss the rescission claim
9    against Estrella Rothstein, the Castaneda's employee, on the
10   grounds that she is an "innocent insured" is **DENIED**.  Under
11   California Insurance Code § 650, if a policy has been
12   rescinded, the rescission is effective as to all insured
13   unless the policy provides otherwise.  Typically, policies
14   which provide otherwise have a severability provision.  <u>TIG</u>
15   <u>Insurance Co. v. Homestore, Inc.</u>, 137 Cal.App.4th 749, 759
16   (2006); <u>American Economy Insurance Co. v. Herrera</u>, 2007 WL
17   2696716 (S.D. Cal.); see generally, <u>Recurring Issues in</u>
18   <u>Rescission Cases</u>, 42 Tort Trial and Insurance Practice Law
19   Journal 51, 71-73 (2006).  Defendants have not pointed to any
20   severability provision in this policy.  To the extent they
21   rely on the provision titled "Representations," it is not a
22   severability provision.  Compare for example, section IV(7) of

23   _____
24        [3]   In their reply, defendants raised a new argument for
     the first time, a disfavored tactic.  <u>Zamani v. Carnes</u>, 491
25   F.3d 990, 997 (9th Cir. 2007) (A "court need not consider
     arguments raised for the first time in a reply brief").

26        [4]   The California substitute service statute shall be
27   "liberally construed to effectuate service and uphold
     jurisdiction if actual service has been received by defendant."
28   <u>Bein v. Bechtel-Jochim Group, Inc.</u>, 6 Cal.App.4th 1387, 1392
     (1992).  (internal citation omitted).

1   this policy with section 17 of the policy in <u>In Re</u>

2   <u>HealthSouth, Corp.</u>, 308 F.Supp.2d 1253, 1261 (N.D.Ala. 2004).[5]

3        The Court finds no need for argument and **VACATES** the

4   hearing scheduled for **June 30, 2010.  IT IS ORDERED** that

5   defendant's remaining motions (Doc. 64) are **DENIED.**

6   Defendants shall answer by **July 15, 2001.**

7   Dated: June 24, 2010

8   _____
                    Bernard Zimmerman
9            United States Magistrate Judge

10

11  G:\BZALL\-BZCASES\JAMES RIVER V. DIANA'S CARE HOME\ORDER RE RULING ON DEFS
    SIX MOTIONS.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  _____

27       [5]    Defendant's reliance on <u>Watts v. Farmers Ins. Exch.</u>,
    98 Cal.App.4th 1246 (2002) is misplaced since that was not a
28  rescission action but held that a false claim by one insured
    did not bar the legitimate claim of another insured.